Day, J.
The plaintiff’ seeks to annul the sale in question, and to enjoin its execution, solely, on the ground that the notice of the sale was defective. . In his petition he relies upon a defective notice published in the Wood County Sentinel. The answer admits the alleged defects of that notice, but avers the publication of a notice in the Perrysburg Journal in all respects as inquired by law. This is denied by the reply. Upon this issue the case was tried. After hearing the evidence, the court found and decided in favor of the defendants.
It is true the answer is in general terms, but, in the absence of a motion to make it more definite and certain, it was sufficient to admit evidence to show that the notice in the Perrysburg Journal was in all respects in accordance with the requirements of the statute, and the contrary not being made to appear, we are bound to presume that the testimony fully sustained the court in its finding in favor ■of the validity of that notice under which the sale was made. The correctness of this finding, as the record comes ■before us, can not be questioned. No motion for a new ■trial was made, and consequently no bill of exceptions was taken to bring the evidence before a reviewing court. This ■is the only way the testimony could be brought on the record. The affidavits used on the motion to dissolve the injunction, though copied in the record, do not properly con *445 stitute part of the record, and can not be regarded by us. Sleet v. Williams, 21 Ohio St. 82; Young v. State, 23 Ib. 577.
In this state of the case, then, can we say the court manifestly erred in holding that the sale was legal ? The statute in regard to delinquent purchasers of school lands provides that, “ if any purchaser or lessee shall fail to make-any payment on any tract of land for the space of twelve months after the same shall become due and payable, the-auditor of the proper county shall forthwith proceed to sell such tract or tracts of land, with the improvements thereon,., at the door of the court-house, to the highest bidder therefor, in cash, having first given notice of the time and place-of such sale, containing a description of the lands and the-money due and to become due thereon, by publishing the same in some newspaper of general circulation in said, county for six consecutive weeks before the day of sale.” S. & C. 1342, sec. 29.
It is not pretended .but that all the facts existed in the-ease to warrant the auditor to proceed under this section to sell the laud in question; nor can it be disputed but that,, so far as the notice in the “ Journal” was concerned, he proceeded in all respects in accordance with the statute. But one notice is required, and had no other been given, the-regularity of the sale could not be questioned. The only* question, then, is, whether the defective and useless notice in the “ Sentinel ” of sale on the 25th of October vitiated the correct notice of sale on the 23d of October, under which the land was sold? It is not pretended that any fraud or wrong was intended by the useless notice. But for the discrepancy of date — which, doubtless, occurred by mistake — there would be no room for cavil. Nor does the-plaintiff* in his pleadings claim that this discrepancy vitiated the notice under which the sale was made. He relied upon the alleged defects of that notice. The defective notice in the “ Sentinel” was a legal nullity, and could not negative the-fact of the good and lawful notice in the “ Journal,” which was all the law required to authorize the sale. The mere fact of the useless notice, with its discrepancy of date, did-. *446 not annul the power of sale acquired by the auditor, by his -compliance with the statute, under the notice under which he acted. We can not say, therefore, that the sale was without lawful power and void.
Nor does the spurious notice of itself afford a ground of -equitable interference with the sale. It did not mislead the plaintiff. He avers that he had no knowledge of either notice until after the sale. It is not averred .that the land •sold for a less-sum by reason of the “ Sentinel” notice, nor that any one was misled thereby, or that any injury resulted therefrom. He alleges, it is true, that the land sold for much less than its value, but nothing is stated from which it can be inferred that this was the result of an imperfect publication of notice of the sale. In fact, no case is made in the pleadings for equitable relief, other than the defect •claimed in the notice, which, if it existed, would render the ■sale illegal, for want of compliance with the statutory re- • quisitions to authorize the sale. Failing on this ground, there is really no ground left for the relief sought by the plaintiff.
It must be borne in mind that the case comes before us -on error, and although the court below might have been justified in coming to a different result, it does not follow "that we can say it erred in the conclusion at which’ it arrived. We can not reverse, unless there be manifest error ■ shown upon the record. In. fact, it does not affinnatively .appear in the record that the auditor published the defective notice in the “ Sentinel.” It can only be inferred. An imaginary case will not warrant a reversal on error. Nor is there anything in the nature of the case requiring the strict construction applicable to cases of forfeiture. All that was required was a compliance with the law. That was done, as we are bound to conclude from the- finding of •the court below. No forfeiture was sought against the ■ plaintiff. It was merely a statutory sale of the land to pay the balance due from the plaintiff for the purchase price. ' The residue arising from the sale the statute requires to be *447 •paid over to the plaintiff', as in other cases whei’e land is ¡sold to pay a debt.
We can not say that the District Court manifestly erred in the judgment it rendered in the case, and the judgment must therefore be affirmed.
Johnson and Ashburn, JJ., concurred.